UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO.** |
| | : | |
| | : | **VIOLATIONS: 18 U.S.C. § 286, 1341, 2,** |
| v. | : | **981, 28 U.S.C. § 2461** |
| | : | (Conspiracy to Defraud the Government |
| | : | With Respect to Claims, Mail Fraud, |
| **ROBERT DELGADO,** | : | Causing an Act to Be Done) |
| | : | |
| Defendant. | : | **UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL INFORMATION AND
OTHER PLEADINGS, RECORDS, AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
<u>MOTION TO SEAL AND ALL RELATED MATTERS</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion to place under seal until further order of the Court the Information as well as all existing and future pleadings, records and files in this case, including the original and revised motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of its motion, the Government states as follows:

1.     The defendant in this case has agreed to enter a plea of guilty to a two-count Information charging a conspiracy to defraud the United States. The sealing is necessary because the attached Information and related pleadings contain sensitive information, disclosure of which would not be in the interest of the defendant, the government, or the public. As part of his plea agreement, the defendant has agreed to cooperate with the government as part of an on-going criminal investigation. Accordingly, it is essential that any information concerning the fact of his pleading guilty be kept sealed for the time being.

2. Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; (4) causing potential witnesses and targets to avoid returning to the United States from their overseas locations; and (5) causing potential witnesses and targets to destroy documents and other evidence. These factors are particularly important in this investigation because various witnesses are believed to have relevant information and may control relevant documents which may not be available from other third party sources.

3. It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

4.      Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of all pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exist; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, the Government respectfully requests that the Information, together with the original and revised motion to seal and all other pleadings and filings made in connection with this Information, be placed under seal until further Order of the Court.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. BAR NO. 498610
ATTORNEY OF THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA


BY:     _____
Michael K. Atkinson
Assistant United States Attorney
D.C. Bar No. 430517
United States Attorney's Office
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-3702
(202) 307-2304 (fax)

DATED:  October 19, 2006