UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-313 (RWR) |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| **ROBERT DELGADO,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia and the Fraud Section of the Criminal Division, United States Department of Justice, hereby submits this Memorandum in Aid of Sentencing defendant Robert Delgado. Pursuant to a plea agreement, the defendant pleaded guilty to one count of conspiracy to defraud the government with respect to claims (18 U.S.C. § 286), one count of mail fraud (18 U.S.C. § 1341), and criminal forfeiture. As discussed below, the government requests that the Court (1) impose a sentence within the stipulated United States Sentencing Guidelines range of 37-46 months, with the recommendation that the Court impose a sentence at the low-end of that range, (2) impose a three year term of supervised release, and (3) require the defendant to pay restitution to the Export-Import Bank of the United States.

## FACTUAL BACKGROUND

On October 19, 2006, the United States Attorney's Office and the Fraud Section of the Criminal Division, United States Department of Justice, filed a two-count Information charging Delgado with one count of conspiracy to defraud the government with respect to claims (18 U.S.C. § 286), one count of mail fraud (18 U.S.C. § 1341), and criminal forfeiture. On November 17, 2007, Delgado pleaded guilty to the charges.

In pleading guilty, Delgado admitted that from approximately 2000 through April 2001, he owned and operated Global Resources Group ("GRG"), a company that acted as "exporter" in two loan transactions that were guaranteed by the Export-Import Bank of the United States (the "Ex-Im Bank"). Delgado admitted that in connection with these loan transactions, he falsified documents sent to a United States bank and to the Ex-Im Bank to make it appear that the $2.1 million in loan proceeds would be used to reimburse himself for a portion of $2.5 million worth of United States goods that he claimed to have purchased and shipped to borrowers in the Philippines. In reality, Delgado purchased only approximately $200,000 worth of United States goods. Once the lending banks and the Ex-Im Bank funded the $2.1 million, based upon Delgado's false representations, Delgado kept approximately $100,000 of the proceeds and sent approximately $1.8 million of the proceeds to bank accounts owned or controlled by a co-conspirator in the Philippines.

## SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing Delgado. These factors are discussed below numbered as they are in Section 3553(a).

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

   **(A) Nature of the offense**

The maximum statutory terms of imprisonment at issue here reflect the serious nature of the crimes committed by the defendant. Conspiracy to defraud the government with respect to claims carries a maximum statutory term of 10 years imprisonment and is a Class C felony. *See* 18 U.S.C.

§§ 286, 3559. Mail fraud carries a maximum statutory term of 30 years imprisonment and is a Class B felony. *See* 18 U.S.C. §§ 1341, 3559.

### (B) The circumstances of the offense

This case illustrates how a government program intended to benefit United States businesses, by increasing United States exports to companies overseas, can be exploited by United States citizens looking to make a quick dollar. In administering its insurance and guarantee programs, the Ex-Im Bank relies on United States-based exporters to provide truthful information about the legitimacy of the transactions in which they engage. Because the Ex-Im Bank provides insurance products and guarantees to borrowers in foreign countries, and often borrowers in developing nations, it relies on United States exporters to certify that loan proceeds will be used to reimburse the exporters for United States goods that were actually purchased and shipped to the borrowers. Without this certification, which is contained in the Ex-Im Bank Supplier's Certificate, that transaction cannot be completed.

Delgado abused this trust by intentionally making false statements on two Ex-Im Bank Supplier's Certificates and on related documents that he prepared for the sole purpose of misappropriating the loan proceeds. Instead of purchasing $2.5 million worth of United States goods and shipping them to borrowers in the Philippines, Delgado pocketed $100,000 and transferred $1.8 million to bank accounts owned or controlled by a co-conspirator in the Philippines.

### (C) The history and characteristics of the defendant

Delgado was born in the Philippines and raised in California, where he attended and graduated from high school and where he attended approximately one year of college. Delgado appears to have maintained legitimate jobs for several years, until agreeing to engage in the

fraudulent scheme that formed the basis for these charges. Even after committing the instant offenses, however, the defendant was able to obtain a real estate license and begin a career as a real estate broker with Caldwell Banker in Fremont, California.[1] The PSR indicates that Delgado was diagnosed with depression in 2000 and is currently prescribed Lexapro, which he takes daily. It appears that Delgado's depression began around the same time his fraudulent scheme began.

> **(2) The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the pubic from further crimes of the defendant; and (D) to provide defendant with appropriate education or vocational training.**

As the world's commercial activity becomes increasingly inter-connected and sophisticated fraud schemes targeting the United States extend beyond the borders of the United States, it is important for the Court to impose sentences on the United States-based conspirators, without whom the fraud could not occur, that will adequately deter future crimes. Although Delgado does not appear to have orchestrated this crime, he was a willing participant and an essential figure in its execution. Without Delgado, the crime could not succeed. As the Court is aware, this is one of several related cases that involve schemes to defraud the Ex-Im Bank. It appears that the type of scheme the defendant engaged in is becoming all too common. As with all newly budding crimes, it is important for the Court to illustrate that these new crimes will not be tolerated and that the perpetrators of such crimes will be severely punished for their actions.

The government recognizes, however, that the significance of Delgado's crime and the need to deter future crime should be counterbalanced with the defendant's predominately good conduct

---

[1] The Government concurs in Probation's request that the Court permit Probation to make third-party disclosure of the conviction within 30 days of sentencing, particularly given the defendant's status as a licensed real estate broker.

as a productive member of society, timely acceptance of responsibility when confronted by law enforcement agents, and the fact that he only made $100,000 in profit from the $2.1 million crime. Although we do not believe Delgado's personal profit mitigates his responsibility for the full $2.1 million crime, we do believe it is a factor that may be considered along with Delgado's prior conduct and timely acceptance of responsibility, in fashioning an appropriate sentence within the Stipulated Guidelines range.

As to the final consideration, the defendant does not appear to need further education or vocational training.

**(3) The kinds of sentences available**

The maximum term of imprisonment for conspiracy to defraud the government with respect to claims is 10 years, with a term of supervised release of not more than 3 years. The maximum term of imprisonment for mail fraud is 30 years, with a term of supervised release of not more than 5 years.

**(4) The sentencing range established by the United States Sentencing Guidelines ("USSG")**

As to these guidelines, the government and the defendant stipulated in the plea agreement to a Total Adjusted Offense Level for the offense of 21. Assuming a Criminal History category I (which the PSR recommended), the resulting USSG range is 37-46 months.

The Probation Office concurs with the Total Adjusted Offense Level described above. *See* PSR at 6-7.

In the plea agreement, the parties stipulated that the applicable fine range is $250,000 per count or twice the pecuniary gain or loss. The Probation Office calculates the maximum fine as twice the pecuniary gain, or $4,273,800. *See* PSR at 13, ¶ 76.

**(5) Any pertinent policy statement issued by the USSC**

The government is unaware of any pertinent policy statements issued by the USSC.

**(6) The need to avoid unwarranted sentencing disparities among defendants with similar records**

A guidelines sentence would help prevent such disparities between the defendant and similar defendants.

**(7) The need to provide restitution.**

The defendant should pay restitution of $1,929,412.06 to the Ex-Im Bank.

## CONCLUSION

Delgado was the essential player in a scheme to defraud the Ex-Im Bank of $2.1 million. As a United States-based exporter, he was the one person that the Ex-Im Bank could rely upon to ensure the legitimacy of the underlying bank loans to Philippine borrowers and to ensure that the Ex-Im Bank and, accordingly, the American taxpayers were truly supporting United States exports and not giving taxpayers' money to criminals in the Philippines. Due to the significance and international nature of the crime, Delgado's critical role as the United States-based participant, and the need to deter future crime, a sentence within the Stipulated Guidelines range of 37-46 months is warranted. However, due to Delgado's predominately good conduct as a productive member of society, timely acceptance of responsibility when confronted by law enforcement agents, and the fact that he only made $100,000 in profit from the $2.5 million crime, the government recommends a sentence at the

low-end of Stipulated Guidelines range of 37-46 months. *See United States v. Rita*, ___ U.S. ___, 127 S. Ct. 2456, 2465 (2007) ("when the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable"); *United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006) ("a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness" by an appellate court). The government also requests that the Court impose a three year term of supervised release and require the defendant to pay restitution of $1,929,412.06.

                            Respectfully submitted,

                            JEFFREY A. TAYLOR
                            United States Attorney
                            In and For the District of Columbia

By:    _____
       MICHAEL K. ATKINSON
       D.C. Bar # 430517
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 616-3702

       STEVEN A. TYRRELL
       Chief, Fraud Section, Criminal Division
       United States Department of Justice

By:    _____
       HANK BOND WALTHER
       D.C. Bar # 477218
       Trial Attorney
       Fraud Section, Criminal Division
       United States Department of Justice
       1400 New York Avenue, NW
       Washington, D.C. 20005

Date:   September 28, 2007            (202) 257-6176

## CERTIFICATE OF SERVICE

    This is to certify that this 28th day of September, 2007, I served by first-class mail a copy of the Government's Memorandum in Aid of Sentencing on the following counsel of record:

    Michael Thorman, Esq.
    24301 Southland Drive
    Suite 312
    Hayward, CA 94565

    Counsel for Robert Delgado

_____
Michael K. Atkinson